LOUIS DE CESARE, Respondent, *v.* EUGENE FLAURAUD, Appellant.

*Mutual services of barbering and board — what proof raises the question whether they were gratuitous or in consideration of each other.*

In an action to recover for services rendered by the plaintiff, as a barber, to the defendant, the defendant interposed an answer alleging that the services were rendered without intention to charge therefor and as compensation for the use of the plaintiff's barber shop, and setting up as a counterclaim that one Sherry, at the request of the plaintiff, furnished the plaintiff with meals at agreed and reasonable prices, no part of which had been paid, and that Sherry had duly assigned such claim to the defendant.

Upon the trial it appeared that the plaintiff applied to Sherry, who was a caterer, for permission to conduct a barber shop on his premises, and was referred by Sherry to the defendant, his general manager; that as a result of the interviews between the plaintiff and the defendant, the plaintiff opened his barber shop in the Sherry building without being required to pay any rent, and continued to conduct it therein until notified by the defendant that he must vacate the premises. During his occupancy the plaintiff barbered both Sherry and the defendant. There was some evidence tending to show that in consideration of the plaintiff's rendering his services gratuitously he was furnished with meals.

*Held,* that it was error for the court to dismiss the counterclaim;

That the evidence raised a question of fact, which should have been submitted to the jury, as to whether the services by each party to the other were rendered gratuitously or were rendered each in consideration of the other.

APPEAL by the defendant, Eugene Flauraud, from a judgment of the Municipal Court of the city of New York, borough of Brooklyn, in favor of the plaintiff, entered on the 5th day of June, 1901, upon the verdict of a jury.

*Thomas M. Rowlette,* for the appellant.

*Lyman A. Spalding* and *Charles A. Kalish,* for the respondent.

GOODRICH, P. J.:

The complaint alleges that between October 10, 1898, and February 23, 1901, the plaintiff, at the request of the defendant, rendered work and services as a barber and sold and delivered to him materials at the agreed and reasonable value of $123.30, no part of which has been paid. The answer denies this allegation and that anything was due from defendant to plaintiff, and alleges that the services

were performed voluntarily and without intention to charge the defendant therefor, but as compensation for the use and occupation of the barber shop free of charge. It also alleges as a counterclaim that Louis Sherry, between October 21, 1898, and February 23, 1901, at the request of the plaintiff, furnished him meals at agreed and reasonable prices, amounting to $276, which the plaintiff promised, but failed to pay, and that Sherry before the commencement of the action duly assigned the claim to the defendant.

The evidence tends to establish that shortly before Sherry, the caterer, opened his establishment at Fifth avenue and Forty-second street, New York city, the plaintiff applied to him for permission to conduct the barber shop on the premises and was by him referred to the defendant as his general manager. As the result of the interviews between the plaintiff and defendant the plaintiff opened his barber shop in the Sherry building without being required to pay any rent for the use of the rooms, and continued to occupy them from October 10, 1898, to February 23, 1901, when he was notified by the defendant that he could no longer occupy the premises. During his occupancy the plaintiff barbered both Sherry and the defendant. There was some evidence tending to show that in consideration of the plaintiff's rendering his services gratuitously he was furnished with meals, and the counterclaim is for the value thereof. The court, however, dismissed the counterclaim on the ground that there was no contract for board, and to this ruling the defendant excepted. A verdict for $100 was rendered, and the defendant appeals.

It was error to dismiss the counterclaim. *Potter* v. *Carpenter* (76 N. Y. 157) held that, where parties are in the habit of rendering mutual services to each other without any agreement as to payment, and where, although during the time they had pecuniary transactions to a considerable amount, their services were not brought in and were not intended to be brought into their accounts, a promise to pay cannot be implied, and the services will be regarded as matter of mutual accommodation, for which neither party intended to make any charge against the other.

In the present case there was evidence from which it might have been inferred that meals were furnished to the plaintiff in view and consideration of his rendering barber's services to Mr. Sherry and

the defendant without any compensation, and there were no other pecuniary transactions like a running account between them. There was a question of fact which should have been submitted to the jury, viz., whether the services by each party to the other were rendered gratuitously or rendered each in consideration of the other.

The plaintiff served a bill of particulars in which he charged for services monthly. It included charges for shaving the defendant during a period of about a month, commencing October twentieth, while defendant was in Europe. The plaintiff testified that the account was correct; that he made it up at the end of each month from entries in his book which he kept; that he shaved the defendant and furnished him with hair tonic during the time defendant was in Europe. When his attention was called to the fact of the defendant's absence, and after a recess had been taken, he was re-examined by his counsel and admitted that he had been mistaken in saying that he had performed such services during that period. While it was perhaps proper for the court to submit the question to the jury, we are impelled to the belief that as the plaintiff was the only witness as to the rendering of the services and as his testimony was clearly false in the particulars mentioned, the verdict was against the weight of evidence.

In addition to this, the court in the principal charge instructed the jury that they might "consider the circumstances surrounding the dealing and transactions between the parties" and decide whether there was an agreement on the part of the defendant to pay for the plaintiff's services. Subsequently, upon the request of the plaintiff and under the exception of the defendant, the court charged: "You must not consider the evidence in this case that the plaintiff received board from Sherry." These instructions were inconsistent and confusing to the jury.

For these reasons the judgment must be reversed, with costs.

All concurred.

Judgment of the Municipal Court reversed and new trial ordered, costs to abide the event.